IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:98-CR-185-BO-2

| | |
|---|---|
| EMANUEL L. BARNHARDT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the Court on petitioner's "motion to vacate fine," [DE 108], to which the government has responded, [DE 109]. For the reasons that follow, petitioner's motion is DISMISSED.

Petitioner's motion does not state the authority under which he challenges the fine portion of his sentence. It is well-settled, however, that relief under 28 U.S.C. § 2255 is not available when a litigant challenges only a fine or restitution order. *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1990); *United States v. Corcho*, 60 Fed.Appx. 479, 480 (4th Cir. 2003) (per curiam); *United States v. Hudgins*, 201 Fed.Appx. 143, 143 (4th Cir. 2006) (per curiam). Where a defendant only challenges the fine imposed, the district court should treat the claim as a habeas corpus petition under 28 U.S.C. § 2241. *See, e.g., Corcho*, 60 Fed.Appx at 480.

A petition under § 2241, however, must be brought in the district in which the petitioner is incarcerated. 28 U.S.C. § 2241(a). Petitioner is incarcerated at the United States Penitentiary in Waymart, Pennsylvania. Thus, this Court does not have jurisdiction over this proceeding.

1

This matter is therefore DISMISSED WITHOUT PREJUDICE to petitioner's right to file his action in the appropriate district court.

SO ORDERED.

This, the __11__ day of September, 2014

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2